IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,826-01




IN RE QUIRINO MACHIN SANCHEZ, Relator




ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. CR-1624-10-J IN THE 430TH DISTRICT COURT
FROM HIDALGO COUNTY




            Per curiam.

O R D E R


            Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus
in the 430th District Court of Hidalgo County, that more than 35 days have elapsed, and that the
application has not yet been forwarded to this Court.
            On February 5, 2014, this Court held in abeyance and ordered the District Clerk of Hidalgo
County to file a response as to why this Court had not yet received Relator’s habeas application. 
This Court’s abeyance order specifically advised the clerk that should the response include an order
designating issues, proof of the date the district attorney’s office was served with the habeas
application must also be submitted with the response. 
            On March 25, 2014, this Court received a response from the Hidalgo County District Clerk,
consisting of an order designating issues signed by the trial court on February 26, 2014. Within the
trial court’s order designating issues was an order to the district clerk to transmit to this Court “a
copy of the acknowledgments indicating that Assistant Criminal District Attorney Luis A. Gonzalez
had, on February 9, 2014, accepted service of a copy of the Applicant for writ filed by Applicant
Quirino Machin Sanchez.” However, the supplemental record contains no copy of such
acknowledgment. Furthermore, there is no explanation in the record for why Relator’s habeas
application was filed in December of 2012, but not served on the State until more than a year later.
            This application for leave to file a writ of mandamus shall be held in abeyance until
Respondent has submitted a copy of the acknowledgment indicating the date upon which Relator’s
habeas application was served on the State. In addition, the Hidalgo County District Clerk and the
Hidalgo County District Attorney shall both submit affidavits, explaining how the process of filing
and serving habeas applications is conducted in Hidalgo County, and explaining why there was a
delay of more than a year between the date upon which Relator’s habeas application was filed, and
the date upon which the State acknowledged receipt of the application. Such responses shall be
submitted within 30 days of the date of this order.


Filed: April 30, 2014
Do not publish